UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:21-CR-697 (JEB) |
| ) | |
| PAUL WESTOVER, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT PAUL WESTOVER'S SENTENCING MEMORANDUM**

Defendant Paul Westover, by and through his attorney, John T Davis, of the law firm of KesslerWilliams, LLC, hereby submits this Sentencing Memorandum in anticipation of his sentencing hearing scheduled for Monday, April 11, 2022, at 10:00 a.m. EST.

**INTRODUCTION**

On December 6, 2021, Mr. Westover pleaded guilty of one count of Title 40, U.S.C, § 5104(e )(2)(G): Parading, Demonstrating, or Picketing in the United States Capitol Building.

As a prologue to Mr. Westover's sentencing memorandum, Mr. Westover and undersigned counsel would like to make it abundantly clear that Mr. Westover sincerely recognizes the seriousness of the events involving thousands of individuals unlawfully entering, remaining, damaging, vandalizing, and causing serious, sometimes fatal, physical harm to others. Nothing in this memorandum is designed or intended to minimize Mr. Westover's actions or his acceptance of responsibility. Although for different reasons, Mr. Westover recognizes the fact that the collective American memory will hold the date January 6th as familiar as December 7th and 9/11. Arguments proffered herein are in response to the government's sentencing

1

memorandum that does not accurately reflect the actions of Mr. Westover. Without any attempt to minimize the severity of January 6, 2021, or Mr. Westover's involvement that day, it is necessary to provide this Court with an accurate recitation of Mr. Westover's role. Especially, Mr. Westover's role in comparison to those of Emily Hernandez and William Merry who accompanied Mr. Westover and were charged separately.

Additionally, this memorandum will also distinguish the *United States v Erik Rau* 1:21-cr-00467 JEB and *United States v Derek Jancart* 1:21-cr-00697 JEB cases cited by the government as guidance for this Court.

For the reasons stated below, Mr. Westover respectfully requests a sentence based on factors under 18 U.S.C. § 3553(a).

**I.**

**POINTS AND AUTHORITIES**

**THE COURT SHOULD SENTENCE MR. WESTOVER TO A "SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY."**

Mr. Westover pleaded guilty to a Class B misdemeanor. As such, the offense is punishable by incarceration of not more than six months and/or a fine of not more than $5,000.00. *See* Title 18, U.S.C, § 3663(a)(3). Further, as a Class B misdemeanor, the United States Sentencing Guidelines (USSG) do not apply. Title 18, U.S.C, § 3559 and USSG § 1B1.9.

Crafting a sentence for a Class B misdemeanor is guided by Title 18, U.S.C, § 3553(a) et seq. The government correctly points out in its sentencing memorandum that the 3553 (a) factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense and promote respect for the law; the need for the sentence to afford adequate deterrence; and the need to avoid

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The Supreme Court observed that historically "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 52 (2007) citing *Koon v. United States*, 518 U.S. 81, 113(1996). This Sentencing Memorandum will address the relevant subsections of 18 U.S.C. § 3553 and articulate why an overall analysis of the statutory sentencing factors will assist the Court in determining a sentence that is "sufficient, but not greater than necessary." An examination of each of these factors as they uniquely relate to Mr. Westover supports the non-custodial sentence that Mr. Westover respectfully requests.

**1. The Nature and Circumstances of the Offense**

By virtue of Mr. Westover's plea of guilty, he has taken responsibility for his role in violating Title 40, U.S.C, § 5104 (e )(2)(G): Parading, Demonstrating, or Picketing in the United States Capitol Building. More significantly, he has taken responsibility for his individual involvement in the collective events of January 6, 2021, in our nation's capital.

The government's argument for recommending a 90-day period of incarceration rests heavily on comparison of Mr. Westover's actions with those of Emily Hernandez and William Merry.[1] The government also cites the sentences this Court imposed in *United States v Erik Rau* and *United States v Derek Jancart* as guidance for Mr. Westover's sentence.

First, Emily Hernandez, William Merry, and Paul Westover, referred to as "the trio" in the government's sentencing memorandum, having each entered pleas of guilty to three disparate

---

[1] Paul Westover was accompanied by Emily Hernandez and William Merry when they traveled from the greater St. Louis area to attend the President's speech scheduled for January 6, 2021.

3

offenses. It is significant that punishment ranges for offenses committed by Hernandez and Merry (hereinafter "the pair") are double that of Mr. Westover's.

Mr. Westover entered a guilty plea to a Class B misdemeanor and, as previously stated, is not subject to a guideline calculation pursuant to the USSG. Conversely, the pair each entered pleas to different Class A misdemeanors.[2] Subject to USSG calculations, Hernandez and Merry both have a total offense level 4.

Secondly, the numerous exhibits that the defense anticipates being offered by the government at sentencing do not evidence Mr. Westover as a member of the trio. In fact, while adequately supporting the facts underlying Mr. Westover's guilty plea, they also clearly show similar acts committed by the pair that Mr. Westover did not directly participate in.

Tellingly, the government was clearly aware of the differences in actions taken by Ms. Hernandez, Mr. Merry and Mr. Westover when negotiating plea offers with each defendant. The government negotiated a plea to a Class B misdemeanor for one defendant and Class A misdemeanors for the other two. The government now argues that consideration of all three collectively is proper in determining the appropriate sentence for the lesser charged defendant, Mr. Westover.

Moreover, the government's sentencing memorandum for William Merry, Paul Westover, and Emily Hernandez recommend 120 days, 90 days, and 45 days incarceration, respectively. If these recommendations are indicative of the government's ranking of culpability, Mr. Westover strongly disagrees.

---

[2] Emily Hernandez and William Marry each entered guilty pleas to Class A misdemeanors, Entering and Remaining in a Restricted Building in violation of Title 18, U.S.C., § 1752(a)(1) and Theft of Government Property in violation of Title 18, U.S.C., § 641, respectively.

Admittedly, Emily Hernandez is a young lady in her early 20's. But any possible mitigating factors that allow her to be deemed *least* culpable ends there. Ms. Hernandez is well past the age of majority and her gender is irrelevant. More remarkably, her post-plea conduct has unmistakably demonstrated a vast difference in consideration of 3553 factors from Mr. Westover.

Reemphasizing that Mr. Westover does not wish to downplay the seriousness of his actions, to hold him more, or even equally, culpable is not accurate. As the government's exhibits reflect and sentencing memorandum state, the pair not only appropriated shards of House Speaker Pelosi's office placard, but also, posed for photographs with smiles while holding the shard.

Further, Emily Hernandez retained that and another sign that she stole from the Capitol grounds. Apparently, Hernandez wished to keep the items as souvenirs of a sort until the FBI demanded their return.

Turning to the government's recommendation that previous sentences imposed by this Court in *United States v Erik Rau* and *United States v Derek Jancart* should be used as a guidepost in crafting the Westover sentence, Mr. Westover believes those cases are *very* distinguishable.

In *Rau* and *Jancart*, the government recommended this Court impose four months' incarceration along with the $500.00 restitution for each defendant. In support of these recommendations, the government noted among other things that Jancart prepared for violence by bringing a gas mask and two-ways radios to Washington DC; that he was aware of potential violence because he responded to the Capitol only after hearing it had been "breached"; that he posted a video to Facebook of Rau screaming "we have you surrounded" at police officers

5

attempting to hold the line around the Capitol; he actively spread propaganda on social media by falsely downplaying the violence on January 6; and his social media statements reveal he believes a revolution is coming and suggest the possibility of future violence by him. See Gov't Sentencing Memorandum, ECF No.25, 1:21-cr-00697 JEB.

Regarding Rau, the government notes that he prepared for violence by bringing Kelvar-lined gloves and a medical kit to Washington, D.C; that he was aware of potential violence because he responded to the Capitol only after Jancart heard it had been "breached"; he scaled a bicycle rack as a ladder to reach the Capitol; he encouraged and incited violence by shouting "we have you surrounded" to the police. See Gov't Sentencing Memorandum, ECF No.13, 1:21-cr-00467 JEB.

Again, while not diminishing the seriousness of the offense Mr. Westover has accepted responsibility for, the actions of Jancart and Rau are far more egregious.  While the government recommended four months' incarceration in each of these cases, this Court imposed sentences of 45 days.  The government recommends 90 days incarceration for Mr. Westover whose actions, while serious, are in no way comparable to Jancart and Rau who apparently came prepared for, and perhaps even worse, hoping for the violent and destructive events that occurred that day.

    **2.**    **Mr. Westover's Sentence Should Reflect His History and Characteristics**

The Court should factor in Mr. Westover's history and characteristics when making a sentence "sufficient, but not greater than necessary." Title 18, U.S.C, § 3553(a)(1).

    **a. Family**

Mr. Westover is a 53-year-old man married to his wife, Christina, since 1993.  Mr. Westover's family life is an accurate depiction of the man Paul Westover is.  Paul and Christina Westover are the parents of six children.  The youngest, 6-year-old Brendan Westover, was a foster

child of the Westover's beginning when he was just 8-weeks old. The Westover's subsequently adopted Brendan as their own. The Westover's are a very tight-knit family and are active members in their Christian faith.

Mr. Westover has served the greater St. Louis community, has assisted in the building of ministries, and has formerly served as a Scout leader.

### b. Physical Condition

Mr. Westover rates his own health as "fair." However, he suffers from type 2 diabetes and hypertension for which he is regularly prescribed four (4) different daily medications. Mr. Westover also has a stent placed in his heart. This procedure was necessary following a minor heart attack in 2015.

### c. Criminal History

Pursuant to USSG § 1B1.9, the USSG do not apply to this offense, a Class B misdemeanor. Regardless, Mr. Westover has virtually no criminal history more serious than a traffic ticket.

### d. Self-employed

Mr. Westover is the proud owner and sole employee of Search Ingenuity, LLC, located in St. Peters, MO**.** Search Ingenuity is a technical recruiter for information technology and engineering clients. Mr. Westover is the sole breadwinner for his 8-person immediate family. *Any* period of absence will be an extreme financial hardship and potentially the end of his business. Consequences of such a failure will create a financial hardship for years to come.

### e. Remorse

The government's sentencing memorandum grossly misrepresents Mr. Westover's post-

January 6th sentiment about the events of that day and days that followed. Mr. Westover's actions have caused drastic repercussions not only for him, but for his entire family to whom he is wholly committed.

Mr. Westover wishes to address this Court during allocution and will personally explain his actions that the government mistakenly interprets as remorselessness. The government makes broad assumptions as to the meaning behind some of Mr. Westover's words and actions. These assumptions are supported by additional assumptions. Mr. Westover also objects to certain statements, chants, and comments being attributed to him. Mr. Westover's allocution will explain the true intent behind his post-January 6th words and actions. They are not as the government portrays them.

3. **The Court must determine a sentence that is sufficient to promote the purposes of sentencing.**

   a. **Mr. Westover's sentence should reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.**

Mr. Westover truly recognizes the seriousness of the offense for which he has accepted responsibility. He now faces the reality of perhaps, at best, delaying his continued success in business and family. At worst, the fear of losing it.

A non-custodial sentence with a significant amount of community service, home confinement or combinations of such conditions would be sufficient, and still reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. When reviewing the totality of the circumstances, Mr. Westover's sentence will deliver a harsh blow to all the successes he has accomplished for himself and his family's life and wellbeing.

### b. Mr. Westover's sentence should afford adequate deterrence to criminal conduct.

Mr. Westover owns up to the fact his spur-of-the-moment decisions have put him in a critical situation unlike anything he has ever experienced. He recognizes his mistakes and understands his faults - exacerbated by the global stage on which the fallout of January 6, 2021, plays out. While January 6th will be indelibly imprinted in American history, Mr. Westover is more than ready put this matter behind him and return to the community-minded, self-employed, loving husband, and devoted family man he has always been.

Perhaps the most significant deterrent for Mr. Westover is the stress his actions caused to those around him. Mr. Westover realizes his conduct not only affects him directly, but also, the people he loves the most and for whom he is exclusively financially responsible. Many rely on Mr. Westover, including his six children, his wife, his extended family in the St. Louis area, and his clients. Regardless of the sentence this Court bestows, it is Mr. Westover's actions that have put this emotional turmoil on him, his immediate and extended family, and his business. That consequence alone is enough for him to be deterred from conduct that will place him and his loved ones in a position even remotely similar again.

## II.

## CONCLUSION

Under 18 U.S.C § 3553(a), this Court can consider the nature and circumstances of the offense, and the history and characteristics of Mr. Westover, when fashioning a sentence that is sufficient, but not greater than necessary, to achieve the goals of Title 18, U.S.C § 3553(a). A non-custodial sentence with any combination of conditions the Court finds judicious in this case will

achieve those goals in that it reflects the seriousness of the offense, provides just punishment, will afford adequate deterrence, and protect the public.

Mr. Westover respectfully requests a sentence in keeping with the Recommendation of the Final Presentence Investigation Report ECF #40. More specifically, a sentence of 12 months of probation on Count 1.

The Court should impose any conditions of probation deemed appropriate such as:

1. Must not commit another federal, state, or local crime.

2. Must not unlawfully possess a controlled substance.

3. Must refrain from any unlawful use of a controlled substance and must submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter, as determined by the Court.

4. Must make restitution of $500.00 in accordance with 18 USC §§ 3663 and 3663A.

5. Pay a special assessment of $10 in accordance with 18 USC § 3013.

Mr. Westover would also request supervision and jurisdiction of this case to be transferred to the United States District Court for the Eastern District of Missouri.

**WHEREFORE**, for the foregoing reasons, it is respectfully requested this Honorable Court sentence Mr. Westover to the above requested non-custodial sentence that is sufficient, but not greater than necessary.

Dated: April 7, 2022              Respectfully submitted,

/s/ John T Davis
John T Davis, #40915MO
1401 South Brentwood Boulevard, Suite 950
St. Louis, Missouri 63144
Phone: (314) 455-5555
Fax: (314) 727-2869
E-Mail: John.Davis@KesslerWilliams.com

*Attorney for Defendant Paul Westover*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of April, 2022, the foregoing was filed electronically with the Clerk of the Court by operation of the Court's electronic filing system and served upon the Assistant United States Attorney.

/s/ John T Davis
John T Davis